## School District No. 21 v. Hudson.

### Opinion delivered November 23, 1925.

1. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—In a suit to recover a teacher's salary, the verdict of the jury in her favor *held* conclusive that the teacher quit, not voluntarily, but because she was required to teach classes which her contract did not require her to teach, and which she could not have taught without neglecting other classes.

2. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—In a suit to recover a teacher's salary, where plaintiff testified that she agreed to teach the ninth grade only temporarily, while defendant's testimony was that she agreed to teach that grade permanently, on a finding in her favor it will be presumed that the jury found that her contention was correct.

3. SCHOOLS AND SCHOOL DISTRICTS—TEACHER'S SALARY—DEDUCTION FOR ILLNESS.—In a suit to recover a teacher's salary, where plaintiff testified that after the school district breached its contract with her she became ill by reason of her failure to obtain other employment, an instruction that she was not entitled to recover for a period of time when she was unable to teach by reason of illness was properly refused as being too remote and speculative.

Appeal from Lafayette Circuit Court; *James H. Mc-Collum*, Judge; affirmed.

*King & Whatley*, for appellant.

*Kitchens & Upton*, for appellee.

SMITH, J.   On July 14, 1923, Miss Nellie Hudson entered into a written contract with the directors of

School District No. 21 of Lafayette County to teach "a common school" in said district at a salary of $112.50 per month for a period of six months, the school to open October 5, 1923. Pursuant to this contract, Miss Hudson began teaching the school, and taught it until December 10, 1923, at which time a meeting of the directors was held to consider her protest against being required to teach a ninth grade in the school.

There is some conflict in the testimony as to just what was said and done at this directors' meeting, but we must assume that the jury accepted Miss Hudson's testimony, as the issues of fact were submitted to the jury, and there was a verdict in her favor in the suit which she brought to recover the sum alleged to be due her upon the breach of the contract by the district in refusing to allow her to teach the school for the period of time covered by the contract.

The contract was offered in evidence, and it recited that Miss Hudson was to teach "a common school in said district." The testimony shows that the common school grades are grades from 1 to 8, inclusive, and that grades higher than the eighth grade constitute high school work. Section 9066, C. & M. Digest.

Miss Hudson testified that it was not contemplated or agreed that she should be required to teach classes of a higher grade than the eighth, but that when the school was first opened the attendance was small, and she then consented to teach classes in the ninth grade until there was a full attendance of the pupils of the district, and that she would thereafter continue to do so, provided the directors would arrange for some one of the more advanced pupils to teach some of the lower grades. Miss Hudson further testified that by the time the directors met to consider the question stated there were classes in all the grades from 1 to 8, and it was impossible for her to teach additional classes. The proposition was made that a young lady pupil teach enough of the lower grades to allow Miss Hudson time to teach the ninth

grade, and it was proposed that Miss Hudson pay the pupil $20 per month of her salary for so doing. Miss Hudson would not consent to this arrangement, and the pupil would not teach without being compensated for so doing. When this situation developed, the directors told Miss Hudson that she would have to teach her class in the ninth grade or give up the school, and she gave it up.

Two of the directors testified that Miss Hudson voluntarily gave up the school. But, as we have said, this disputed question was submitted to the jury under an instruction which told the jury that, if Miss Hudson "voluntarily quit or abandoned the school," she could not recover, and the jury's verdict must therefore be accepted as conclusive of the fact that Miss Hudson quit only because she was required to teach classes which her contract did not compel her to teach, and which, according to her testimony, she could not have taught without neglecting other classes.

There was testimony on the part of the school district to the effect that it was understood by the parties that the contract required Miss Hudson to teach classes in the ninth grade, and that pursuant to this understanding she taught ninth grade classes without objection for two months, and an instruction given on behalf of the district told the jury that if they found the fact so to be Miss Hudson had no right to refuse to continue teaching for the reason that the directors required her to teach the ninth grade. In view of the jury's finding, it will be conclusively presumed by us that the jury accepted as true Miss Hudson's testimony that she had agreed to teach the ninth grade only temporarily and conditionally, and that she had performed her undertaking in this respect.

An instruction numbered 2 was asked by the defendant school district, which reads as follows: "You are instructed that if the evidence shows that plaintiff became ill after she quit teaching the school in question, and was thereby unable to have continued her school

work, then she would not be entitled to recover for whatever period of time during the life of the contract that she was unable to teach, by reason of such illness."

The refusal to give this instruction is assigned as error.

This instruction was predicated on the following testimony given by Miss Hudson. After being discharged, because she would not and could not teach the ninth grade, she made diligent and continued effort to secure other employment, but without success, and largely as a result of this failure she became ill, and there was a period of time within the six months covered by the contract when she was too ill to teach, and during the period of her illness she could not have taught.

Instruction numbered 2, if given, would have required the jury to deduct from any recovery in Miss Hudson's favor the compensation she would have earned had she taught during the period of her illness.

No error was committed in refusing this instruction. Miss Hudson was not ill when the school was closed, and her illness had nothing to do with closing it. It was, of course, her duty to minimize her damages by securing similar employment, if she could do so, but she testified that she made this effort. The instruction asked a credit that is too remote and speculative. Miss Hudson might or might not have become ill if she had not been required to change her situation. If, in fact, the loss of the school caused the illness, the question might arise about the expenses of her illness. These questions are all speculative and conjectural, and such damages could not be held to have been within the contemplation of the parties when the contract was breached, and the court was therefore correct in refusing the instruction.

No error appears, and the judgment is affirmed.